## CHERPIN v. TILLOTSON.

1. It is not regular for a defendant in error to docket the cause upon the production of the certificate and citation, and thereupon move to confess error. Until the record is filed by the plaintiff and errors are assigned, the defendant has no other rights than to move for an affirmance.

STEWART, on behalf of the defendant in error, produced the certificate of the clerk of the circuit court of Mobile county, that a writ of error in this case had been sued out returnable to this term; and also produced the citation issued and served. Upon these, he moved that the case should be docketed, and the defendant allowed to confess error.

GOLDTHWAITE, J.—Until the transcript is filed by the plaintiff in error, and errors assigned by him, the defendant has no other rights in this court than to have the judgment affirmed, upon the production of the proper certificate or citation; or for the omission to assign error.

By the statute prescribing the manner in which writs of error shall be sued out and prosecuted, it is made the duty of the clerk to deliver a transcript of the record to the party applying for the writ of error, or his attorney, to be, *by him,* returned to the first day of the next supreme court. It also provides, that if the record be not filed, or that, if filed, no errors be assigned within the

three first days of the term that an affirmance may be had by the defendant in error. [Clay's Dig. 308, § 13.]

In Thacker v. Myrick, [3 Stewart, 184,] it was held that the defendant in error could not file the transcript, and move for an affirmance for the want of an assignment of error. Since that decision, the practice then established does not appear to have been controverted.

Motion denied.